IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00435-KLM

JOSEPH CARTER,

    Plaintiff,

v.

JOAN KOPRIVNIKAR, M.D.,

    Defendant.

## ORDER

**ENTERED BY KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE.**

This matter is before the Court on Plaintiff's **Petition for Legal Counsel and Petition to Refile Amended Complaint as Direct Result of Live Controversy in Case Concerning Evidentury [sic] Rights of CDOC AR 700-23** [#19][1] (the "Motion"). The Motion requests that the Court appoint counsel to represent Plaintiff and also states that Plaintiff would like the "right to file an amended complaint with the assistance of legal counsel." *Motion* [#19] at 1. The Court addresses the requests in turn.

**A.**    **Request for the Appointment of Counsel**

The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent

---

    [1] "[#19]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

litigant in a civil case.  Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that it is appropriate to do so.  The Clerk of the Court maintains a list of pro se cases for which the Court is seeking volunteer counsel.  Placement on this list does not mean that a plaintiff will automatically receive counsel.  Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent him.  Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.  In such circumstances, despite placement of his case on the list, a pro se plaintiff remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a pro se plaintiff if consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential merit of the pro se party's claims; (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.  *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)) (identifying the following factors for consideration by the Court in determining whether volunteer counsel should be appointed: (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to present his claims himself; and (4) the complexity of the legal issues raised).  As part of the fourth factor, the Court also considers whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general

difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief. *See generally Am. Compl.* [#7]. The legal issues presented are not overly complex, novel, or particularly difficult to state or analyze. *See id.* While Plaintiff believes that adjudication of his claims "may impact more than just the Plaintiff as a result of what the Plaintiff has learned in this case," *Motion* [#19] at 1, this is not a class action litigation. Further, while Plaintiff maintains that "this case has implications of being a class action case," *id.*, Plaintiff does not bring claims on behalf of a class and a motion for class certification has not been filed in this case. At this point, this is a case in which an individual inmate brings claims against a treating doctor alleging that the inmate was involuntarily medicated. *Am. Compl.* [#7] at 6-7. Such allegations do not amount to class allegations. Although mindful of the difficulties faced by pro se parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e)] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, this Plaintiff's particular circumstances do not. Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his financial means, lack of legal training, and incarcerated status. To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant

to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

**B.     Request for Permission to File an Amended Complaint**

As noted above, Plaintiff states that he would like the "right to file an amended complaint with the assistance of legal counsel." *Motion* [#19] at 1. Plaintiff does not include a proposed Second Amended Complaint for the Court's and Defendant's review. If Plaintiff, who proceeds in this matter pro se, is seeking leave to file a Second Amended Complaint, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15, and which includes the proposed Second Amended Complaint as a document separate from the Motion. The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and defendants he intends to name in the proposed Second Amended Complaint. Furthermore, Plaintiff must use the form complaint prescribed by this Court. D.C.COLO.LCivR 5.1(c).

**C.     Conclusion**

For the these reasons,

IT IS HEREBY **ORDERED** that the Motion [#19] is **DENIED** to the extent it requests the appointment of pro bono counsel and **DENIED without prejudice** to the extent Plaintiff requests leave to file a Second Amended Complaint.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to mail a copy of

the pro se prisoner forms to Plaintiff at the address listed on the docket.

Dated: August 17, 2015                    BY THE COURT:

*signature*

Kristen L. Mix
United States Magistrate Judge